## HALSAM PRODUCTS CO. v. UNITED STATES.

### No. 43819.

Court of Claims.
May 31, 1938.

Thomas M. Wilkins, of Washington, D. C., for plaintiff.

J. 'H. Sheppard, of Washington, D. C., and James W. Morris, Asst: Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff sues to recover $33,464.09 with interest, excise tax collected under section 609 of the Revenue Act of 1932, 26 U.S.C.A. § 1420 et seq. note, upon the manufacture and sale of checkers and dominoes during the period June 21, 1932, to September 1935, inclusive. Section 609 provides as follows:

"There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Tennis rackets, tennis racket frames and strings, nets, racket covers and presses, skates, snowshoes, skis, toboggans, canoe paddles, polo mallets, baseball bats, gloves, masks, protectors, shoes and uniforms, football helmets, harness and uniforms, basketball goals and uniforms, golf bags and clubs, lacrosse sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, billiard and pool tables, chess and checker boards and pieces, dice, games and parts of games (except playing cards and children's toys and games); and all similar articles commonly or commercially known as sporting goods."

From the allegations of the petition it appears that since 1922 plaintiff has been continuously engaged in the manufacture and sale of checker pieces, hereinafter referred to as checkers, and since 1926 it has also been engaged in the manufacture and sale of dominoes and anagrams. During the period covered by this suit plaintiff manufactured and sold to retail dealers and others 1,971,472 sets of checkers and 3,775,859 sets of dominoes for a total aggregate price of $334,640.90. Upon such sales price, plaintiff paid an excise tax of 10 percent of the selling price of the checkers and dominoes, which tax amounted to $33,464.09. No part of this tax was shifted or passed on to the purchaser.

The petition further alleges that the plaintiff, realizing the existence of a demand by children for simple inexpensive checkers and dominoes, designed and manufactured, and distributed to retailers and jobbers, the checkers and dominoes on which the excise tax in question was paid; that the checkers and dominoes so manufactured and sold were in substantially all instances subsequently purchased from the retailers and others by or for children; that the checkers and dominoes were intended, designed, manufactured of such material and sold at such prices as it was believed would make them attractive to children; that these checkers and dominoes after having been designed and manufactured in such manner were not sold to stores and establishments which specialized in the sale of articles generally and commonly known as sporting goods, but that they were manufactured and sold at a price of only a few cents per set in order to attract the trade of children; that the checkers consisted of wood-turnings and were manufactured of a very light-weight wood in varying thickness of $\frac{3}{16}$ths, $\frac{4}{16}$ths, $\frac{5}{16}$ths, and $\frac{6}{16}$ths of an inch, and of varying diameters proportionate to the thickness; that they were manufactured and sold in sets of pieces dyed or stained alternately red and black; that the dominoes were also made of a very light-weight wood and varied in width, thickness, and length. Approximately one-half of all the dominoes manufactured and sold by plaintiff have the dots colored yellow, green, red, blue, orange,

or white so as to make them more attractive to children.

Defendant demurs to the petition on the ground that the facts alleged do not state a cause of action against the United States entitling the plaintiff to recover. In support of the demurrer it is contended that the checkers and dominoes are games, or parts of games, taxable under the statute and are not children's toys or games, which section 609 exempts from the tax. We are of opinion that the demurrer is well taken. Checker pieces are specifically mentioned in the statute as being subject to tax and it is not denied that dominoes constitute a game falling within the term "games and parts of games," but it is contended by plaintiff that they were children's games exempt from tax under section 609, because it manufactured the checkers and dominoes of such material as to make them inexpensive and in such colors as, it was believed, would make them appeal to children and were sold chiefly through variety or 5 & 10 cents stores, rather than representative stores and establishments specializing in sporting goods, and that such articles were sold chiefly for or to children. We think it is clear that Congress intended that only articles generally and well-known as toys and children's games should be exempt from the tax. Checkers and dominoes do not fall within this class. Checkers and dominoes have long been generally regarded as adult games and the fact that they may also be purchased for or by children and used by them does not bring the games within that classification of games generally regarded and classified as distinctly children's games. Congress was dealing with articles and games as generally understood and recognized, Endicott, Trustee, v. United States, 50 F.2d 299, 72 Ct.Cl. 323, and the excise tax upon the manufacture and sale is not controlled by the selling price, the fineness of workmanship, or the quality of the material used. The fact that a large number of children may purchase or indulge in games which are not generally understood and recognized as strictly children's games does not serve to bring the articles used within the category of toys or children's games.

We think the Commissioner of Internal Revenue correctly held that the sales price of the checkers and dominoes manufactured and sold by plaintiff was subject to the excise tax imposed by section 609. The demurrer must therefore be sustained and the petition dismissed. It is so ordered.