WHITMAN PUB. CO. v. UNITED STATES.
No. 45771.

Court of Claims.

May 6, 1946.

———◆———

Stanley Suydam, of Washington, D. C. (H. Stewart McDonald, of Washington, D. C., on the brief), for the plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (J. Louis Monarch and Fred K. Dyar, both of Washington, D. C., on the brief), for the defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

This case turns on whether certain games manufactured and sold by plaintiff are subject to the manufacturer's tax on sporting goods, or whether they are exempt as children's toys and games.

In 1932[1] the Congress imposed a tax equivalent to 10 per centum of the sales price of certain enumerated articles for playing games, and after such enumeration inserted the following basket clause to cover certain other things not enumerated: "games and parts of games (except playing cards and children's toys and games); and all similar articles commonly or commercially known as sporting goods."

Plaintiff was engaged in the manufacture and sale of books, games, and kindred articles. Its principal business was with large syndicate chain stores such as Woolworth's, Kresge's, McCrory's Murphy's, Green's, and Grant's.

For the period July 1, 1934, to June 30, 1938, the plaintiff filed excise tax returns upon the sales of certain games and paid the tax thereon.

The Commissioner of Internal Revenue levied additional taxes for the period on certain other games set out in the following list:

| Catalog No. | Name | Tax paid |
|---|---|---|
| 2008 | Lotto | $ 2,000.61 |
| 2173 | Bingo | 1,831.51 |
| 2183 | Grand National | 1,050.06 |
| 2931 | McCarthy Bingo | 350.38 |
| 3003 | Lotto | 3,331.51 |
| 3004 | Anagrams | 1,863.04 |
| 3010 | Authors | 2,193.90 |
| 3022 | Game Implements | 441.68 |
| 3030 | Authors | 921.76 |
| 3033 | Bingo | 3,730.81 |
| 3053 | Football | 1,260.91 |
| 3924 | Game of Words | 434.20 |
| 5016 | National Derby | 195.84 |
| | | $19,606.21 |

The games were packaged in attractive cartons and colors, complete with instructions.

The question is whether these are children's cards, toys and games.

We have carefully examined the evidence, including that of the expert witnesses whose opinions are almost as varied as the games.

[1] Revenue Act of 1932, c. 209, § 609, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 612.

We have also examined with greater interest the actual facilities and games which were submitted to the commissioner as a part of the record in the case. To a mind steeped in material things, seeing an elephant is far more revealing than reading a description of the animal.

It is rather difficult for a lay mind to determine just what are children's games, since many of them are played by both children and adults, and since we have children big, little, old and young, grown and overgrown.

Looking over the entire record we are convinced that most of these games are fully as much games for adults as they are for children. For example, the game of Bingo has been taken over so completely by adults that they have practically crowded the children out. In whatever decorations or fancy boxes the facilities may be wrapped, the game is still Bingo, and is still played with enthusiasm by grown-ups.

Some of these games, however, are such that we cannot conceive of their being classed as adult games, or being played by adults except perhaps in an effort to entertain children.

McCarthy Bingo is a miniature version wrapped in a small decorated box, manifestly intended for children. After looking at the actual small pasteboard parts we think an adult would feel rather foolish in undertaking to play the game with other adults. It is manifestly a child's game in the form in which it was put out by the plaintiff.

The same is true of Anagrams. Anagrams probably could be put out in a form which would have some appeal to adults, but one look at the form in which the game appears in this case would convince even the most skeptical that it was not intended for adults.

The same is true of Football, which is in a small, highly colored pasteboard form with a little tin arrow to wheel around a small circular cardboard with small numbers on it.

The Game of Words as presented here is plainly a child's game.

There are two games of Lotto. One of these is described in finding 13 and is filed as exhibit 6. It is similar to Bingo and is suited to being played by adults. The other game of Lotto is filed as exhibit 10 and described in finding 17. This is clearly intended for children. The cards are small and few in number, and hence only a limited number could play at one time—fewer than usually play the adult game. The entire set, packed in a small box, was priced at six cents wholesale, and retailed at ten cents. It is difficult to imagine grownups playing with this miniature set. There is no more reason to call it an adult game than to classify a small pair of children's shoes as adult simply because adults sometimes wear shoes. They don't wear children's shoes, and we don't believe grown folks would play with this set.

As to the other games on the list, while they are wrapped and made up to have a special appeal to children, we think that, in spite of the decorations, they partake more of the character of adults' than of children's games. Magone v. Wiederer, 159 U.S. 555, 562, 16 S.Ct. 122, 40 L.Ed. 258; Halsam Products Co. v. United States, 23 F.Supp. 466, 87 Ct.Cl. 439. We are of the opinion, therefore, that plaintiff is not entitled to recover on any of these games except the five which we have found to be within the statutory exemption.

The plaintiff is entitled to recover the sum of $7,240.04, the amount paid by it on McCarthy Bingo, Anagrams, Football, Game of Words, and the miniature form of Lotto, with interest as provided by law.

It is so ordered.

MADDEN, Judge, took no part in the decision of this case.